UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

SCOTTIE LEE HOOD,
Institutional ID No. 202102314

Plaintiff,

v.                                                    No. 1:24-CV-00068-H

HASKELL COUNTY, *et al.*,

Defendants.

### NOTICE OF DEFICIENCY AND INTENT TO REDESIGNATE CASE

Plaintiff filed a complaint on the court-approved form for prisoner civil-rights actions under 42 U.S.C. § 1983. Petitioner did not pay a filing fee, but he filed an application to proceed *in forma pauperis*. He submitted an account statement, but it was not certified by an officer at his institution. Plaintiff complains about his arrest and pretrial detention. He seeks "immediate dismissal/and or time served w/a lesser charge category." Dkt. No. 1 at 4.

Courts must consider the essence of a pro se prisoner's claims rather than the label attached. *See United States v. Santora*, 711 F.2d 41, 42 n.1 (5th Cir. 1983). A civil-rights complaint under 42 U.S.C. § 1983 is generally used to attack unconstitutional conditions of confinement or prison policies and procedures, while a habeas petition is used to seek an immediate or accelerated release from prison or custody. *Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997). "Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in a § 1983 action." *Muhammad v. Close*, 540 U.S. 749, 750 (2004) (internal citation omitted).

After reviewing Plaintiff's complaint, the Court finds that he does not challenge the conditions of his confinement. Instead, he challenges the validity of his arrest and the current charges pending against him. Thus, he is challenging the fact of his confinement. The Court finds that Plaintiff primarily seeks dismissal of his charges and release from confinement, which

is available only under the habeas corpus statutes. *See Preiser,* 411 U.S. at 477. The Court finds that the essence of Plaintiff's complaint is a challenge to the fact or duration of his confinement, rather than the conditions at his detention facility.

**Plaintiff is advised that the Court intends to construe this civil-rights complaint as a pretrial petition for writ of habeas corpus under 28 U.S.C. § 2241.** Plaintiff must respond to this order—indicating his acceptance of or objection to the Court's intended classification of this case—within 30 days. If Plaintiff agrees to the Court's construction, he must file a complete amended petition on the Section 2241 form used by the Court. He must also submit a certificate of his inmate trust account, which must be certified by an officer at his unit of incarceration.[1] If Plaintiff objects, he must either show cause why the case should proceed as a civil-rights action or file a notice of voluntary dismissal under Federal Rule of Civil Procedure 41.

Plaintiff's application to proceed *in forma pauperis* will remain pending until the Court determines the nature of this suit. The Clerk shall mail Petitioner a Section 2241 form and another copy of the form certificate of inmate trust account. Plaintiff's failure to respond to this order may result in the dismissal of this civil case without further notice.

So ordered.

Dated June 5, 2024.

_____
JAMES WESLEY HENDRIX
United States District Judge

---

[1] Plaintiff may present this order to officials at his unit so that they may assist him in complying with the Court's order.