UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

SCOTTIE LEE HOOD,

               Petitioner,

v.

DIRECTOR, TDCJ-CID,[1]

               Respondent.

No. 1:24-CV-00068-H

### ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS

Petitioner Scottie Lee Hood, a state prisoner acting pro se and *in forma pauperis*, filed an amended petition for writ of habeas corpus challenging his May 6, 2024 conviction and sentence out of Haskell County, Texas. Dkt. No. 14. Respondent has not filed an answer, but after reviewing the amended petition, the Court concludes that Petitioner fails to show that he is eligible for federal habeas relief. The petition is dismissed without prejudice as unexhausted. *See* Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[2]

---

[1] Petitioner named Haskell County, among others, as Respondents. But when he filed his amended petition, he was in state custody, so the Clerk is directed to change the caption to reflect that the proper Respondent is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID). *See Rumsfeld v. Padilla*, 542 U.S. 426, 434–35 (2004) (explaining that there is generally only one proper respondent in a habeas case, and that is the person who holds the petitioner in custody).

[2] A district court may apply any or all of the rules governing Section 2254 habeas petitions to those cases filed pursuant to Section 2241. *See* Rule 1(b), Rules Governing Section 2254 Cases; *Castillo v. Pratt*, 162 F. Supp. 2d 575, 577 (N.D. Tex. 2001); *Gaitan-Campanioni v. Thornburgh*, 777 F. Supp. 1355, 1356 (E.D. Tex. 1991).

## 1.    Background

Petitioner initiated this civil action by filing a prisoner civil-rights complaint form complaining about his arrest and pretrial detention.  Dkt. No. 1.  When the Court notified him of its intent to construe his claims under the habeas statutes, he agreed and filed his amended petition on the Section 2241 form.  Dkt. Nos. 10, 14.  But in the meantime, Petitioner pled guilty and was convicted and sentenced to state-jail time.

Petitioner now challenges his state-jail felony conviction and sentence, so the Court considers his petition under 28 U.S.C. § 2254.  According to Petitioner, he pled guilty, and he was convicted and sentenced on May 6, 2024.  He acknowledges that he did not file a direct appeal, nor did he file an application for state habeas relief.  He initiated this civil action on May 3, 2024,[3] three days before he was convicted and sentenced.  He filed his amended petition on July 2, 2024.

Petitioner claims that he was charged with possessing varying amounts of controlled substances, and that the inconsistency in his charges violated his rights.  He also asserts that his conviction violates his double jeopardy rights and that he should be released on time served.  He asks to be released.

## 2.    Discussion

Under 28 U.S.C. § 2254, "[f]ederal habeas relief is available to state prisoners only after they have exhausted their claims in state court."  *O'Sullivan v. Boerckel,* 526 U.S. 838, 839 (1999).  "The exhaustion requirement of § 2254(b) ensures that the state courts have the

---

[3] *See Spotville v. Cain,* 149 F.3d 374, 378 (5th Cir. 1998) (Providing that a prisoner's habeas petition is deemed to be filed when he delivers the papers to prison authorities for mailing).

opportunity fully to consider federal-law challenges to a state custodial judgment before the lower federal courts may entertain a collateral attack upon that judgment." *Duncan v. Walker,* 533 U.S. 167, 178–79 (2001). "The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest state court." *Whitehead v. Johnson,* 157 F.3d 384, 387 (5th Cir. 1998), which in Texas is the Texas Court of Criminal Appeals (TCCA). *Richardson v. Procunier,* 762 F.2d 429, 431–32 (5th Cir. 1985).

Petitioner concedes in his amended petition that he has not presented his claims to the TCCA. Dkt. No. 14 at 7. A review of the online records maintained by the Texas Judicial Branch confirms that Petitioner has not challenged his conviction in the TCCA, or even initiated the direct appeal process.[4] As a result, the Court finds that these claims are wholly unexhausted.

### 3.    Conclusion

For the reasons discussed above, Petitioner's petition for writ of habeas corpus under 28 U.S.C. § 2254 is dismissed without prejudice. *See Magouirk v. Phillips,* 144 F.3d 348, 357 (5th Cir. 1998) (holding that a district court may sua sponte raise the failure to exhaust and apply that doctrine to bar federal litigation until the claims are exhausted).

Also, pursuant to Rule 22 of the Federal Rules of Appellate Procedure and 28 U.S.C. § 2253(c), Petitioner has failed to show that reasonable jurists would (1) find this Court's "assessment of the constitutional claims debatable or wrong" or (2) find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and

---

[4] *See* https://search.txcourts.gov/CaseSearch.aspx?coa=coscca&s=c (last visited July 23, 2024).

3

"debatable whether [this Court] was correct in its procedural ruling." Thus, any request for a certificate of appealability should be denied. *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

All relief not expressly granted, and any pending motions are denied.

So ordered.

Dated July 24, 2024.

_____
JAMES WESLEY HENDRIX
United States District Judge

4